**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Ruby Hair,

        Plaintiff,                      Case No. 2:25-cv-515

    v.                            District Judge James L. Graham

                                   Magistrate Judge Chesley M. Vascura

GAP, Inc. and Brian Perry,

        Defendants.

<u>Opinion and Order</u>

This matter is before the Court on *sua sponte* consideration of its jurisdiction over the remaining claim in this action. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

Plaintiff, proceeding *pro se*, filed this case under the Family and Medical Leave Act against her employer Gap, Inc. *See* 29 U.S.C. § 2601, *et seq.* Shortly after filing this action, Ms. Hair accepted a settlement offer made by Gap, and she filed a notice of voluntary dismissal of the claim against Gap. *See* Docs. 21, 22.

Also named as a defendant in the complaint is Brian Perry. The complaint does not identify a claim against him or identify his state of residency. The complaint alleges that Mr. Perry "failed to provide updates/case documents." Doc. 1 at PAGEID 3.

The Court construes the complaint as stating a legal malpractice claim against Mr. Perry under Ohio law. Among the many documents attached to the complaint are letters showing that Mr. Perry is an attorney for the law firm of Willis Spangler Starling in Columbus, Ohio. He represented Ms. Hair in the Charge of Discrimination (alleging race, sex, and disability discrimination) that she filed against GPS Consumer Direct, Inc. with the Ohio Civil Rights Commission. The record indicates that both Ms. Hair and Mr. Perry are Ohio residents. Thus, the Court does not have diversity jurisdiction over the claim. *See* 28 U.S.C. § 1332.

Having dismissed the federal claim, the Court declines to exercise supplemental jurisdiction over the state law claim. A district court has broad discretion to exercise jurisdiction over state law claims that are "so related to claims in the action within such original jurisdiction that they form part

1

of the same case or controversy." 28 U.S.C. § 1367(a). Plaintiff's malpractice claim fails this initial test of relatedness to the federal claim. The claim against Gap arose from alleged violations of the FMLA by Ms. Hair's employer. Ms. Hair's malpractice claim against her attorney is a wholly separate and unrelated claim.

Even if the claims were related, the Court would decline to exercise jurisdiction. "Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007). In determining whether to retain jurisdiction, a court may "consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, (1988)). Among the factors which counsel the Court against retaining jurisdiction is that the case is still in its early stages, the Court has given no consideration to the merits of any of plaintiff's claims, and discovery has not begun. *See id.* at 952; *Talismanic Props., LLC v. Tipp City, Ohio*, 309 F. Supp. 3d 501, 510 (S.D. Ohio 2017). Also weighing against retaining jurisdiction is comity to the state courts on a matter in which they have a strong interest – the standard of conduct of Ohio attorneys in representing clients in state proceedings (here, before the Ohio Civil Rights Commission). *See Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 Fed. Appx. 580, 584 (6th Cir. 2011) ("Comity to state courts is considered a substantial interest; therefore, this Court applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed . . . .").

Accordingly, plaintiff's legal malpractice is dismissed without prejudice to refiling in state court. This action is hereby dismissed.

*s/ James L. Graham*

JAMES L. GRAHAM
United States District Judge

DATE: February 12, 2026